# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **BETTY JEAN PERRY, individually;** ) | |
| ) | |
|   **Plaintiff(s),** ) | |
| ) | |
| **v.** ) | **CASE NO.:** |
| ) | |
| **DOLLAR TREE STORES, INC., a** ) | |
| **corporation; BEN ROGERS,** ) | |
| **an individual; et al.** ) | |
| ) | |
|   **Defendant(s).** ) | |

_____

## NOTICE OF REMOVAL
_____

COMES NOW, Defendant, Dollar Tree Stores, Inc. (hereinafter "Defendant" or "Dollar Tree"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby removes this action filed by Plaintiff, Betty Jean Perry, in the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. In support of this Notice of Removal, Dollar Tree[1] shows the following:

---

[1] The Defendant identified as "Ben Rogers" is the purported fraudulently joined party, so his consent is not required for removal. *See United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756 (9thth Cir. 2002).

### A.     PROCEDURAL BACKGROUND

1. This case was commenced by Plaintiff on July 13, 2022 in the Circuit Court of Montgomery County, Alabama, Case No. 03-CV-2022-900863.00. The documents attached as Exhibit "A" constitute all of the process and pleadings served, received and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

2. Service of process was issued to Dollar Tree *via* certified mail on or about July 13, 2022, and Dollar Tree was served with a copy of the Summons and Complaint on July 15, 2022. (*See* Ex. A). Dollar Tree timely filed its Answer in the Circuit Court of Montgomery County, Alabama (*See* Ex. A, Doc. 10).

3. Service of process was issued to "Defendant, Ben Rogers" (hereinafter "Rogers"), on or about July 13, 2022. (*See* Ex. A). As of this date, Rogers has not been served with a copy of the Summons and Complaint. (*See* Ex. A).

4. This Notice of Removal is filed in the United States District Court for the Middle District of Alabama, Northern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

5. This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).[2]

---

[2] The removal is filed within thirty (30) days of Dollar Tree receiving information establishing the basis for removal, i.e., the purported fraudulent joinder of non-diverse party "Ben Rogers." *See* 28 U.S.C. § 1446(b); Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 (11th Cir. 2007); *see also* Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 763 (11th Cir. 2010).

6. Promptly after the filing of this Notice, Defendant is filing a copy with the Clerk of the Circuit Court of Montgomery County, Alabama as required by 28 U.S.C. § 1446(d).

## B. DIVERSITY OF THE PARTIES

7. At the time of the commencement of this action and the time of this removal, Plaintiff Betty Jean Paul was a resident of the State of Alabama. (Ex. A, Doc. 2 , ¶ 1). Defendant avers that Plaintiff intends to remain in Alabama; is domiciled in Alabama; and is therefore a citizen of the State of Alabama.

8. Dollar Tree Stores, Inc., is a foreign corporation that was formed under the laws of the Commonwealth of Virginia with its principal place of business in the Commonwealth of Virginia. (*See* Ex. A, Doc. 2 ¶ 2).

9. For purposes of diversity jurisdiction Dollar Tree is a citizen of the Commonwealth of Virginia.

10. Plaintiff, who alleges she suffered a fall while on the premises of a Dollar Tree store in Montgomery, Alabama also named "Ben Rogers" as a party-defendant. Plaintiff alleges that Rogers was a "resident citizen of the State of Alabama" but Plaintiff's Complaint fails to allege Rogers is an employee of Dollar Tree and offers no other explanation as to how Rogers is connected to the incident made the basis of Plaintiff's Complaint, aside from vaguely alleging "Defendants, Dollar Tree Stores, Inc., Ben Rogers, and one or more of the fictitious party

defendants listed and described hereinabove" negligently and/or wantonly caused or contributed to Plaintiff's to fall. (*See* Ex. A, Doc. 2, ¶¶ 11, 15, 20, 21, 22, 24, 25, 26, 31).

11. Plaintiff's Complaint fails to allege Rogers was an employee of Dollar Tree. (See Ex. A, Doc. 2).

12. On or about August 26, 2022, undersigned counsel communicated with Plaintiff's counsel to ascertain the connection of co-Defendant Rogers to the alleged incident made the basis of Plaintiff's Complaint. Undersigned counsel was informed that an online search to identify the manager of Dollar Tree Store No. 04839, located at 2875 E. South Blvd, Montgomery, Alabama 36116, returned the name "Ben Rogers." Plaintiff has no knowledge of any specific negligent and/or wanton acts of this non-diverse individually named Defendant in connection with the incident made the basis of Plaintiff's Complaint.

13. However, "Ben Rogers" was not, is not, and has never been an employee of Dollar Tree Store No. 04839, located at 2875 E. South Blvd, Montgomery, Alabama 36116. (*See* Affidavit of Katina M. Ethridge, attached as Exhibit "B").

14. Jurisdiction under 28 U.S.C. § 1332 requires "complete diversity." The citizenship of every plaintiff must be diverse from the citizenship of every defendant. *See, e.g., Palmer v. Hosp. Authority of Randolph Cnty.*, 22 F. 3d 1559, 1565 (11th

Cir. 1994) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). An action may nevertheless be removable if the joinder of non-diverse parties is deemed to have been "fraudulent" – that is, for the purpose of defeating federal jurisdiction. *See, e.g., Wilson v. Republic Iron and Steel Co.*, 257 U.S. 92, 97 (1921) (holding that a diverse defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy"); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superseded by statute on other grounds as stated in Wilson v. General Motors Corp.*, 888 F.2d 779, 782 n.3 (11th Cir. 1989). The filing of an illegitimate claim against a non-diverse defendant is fraudulent joinder, and a district court must disregard the citizenship of such defendants when assessing the existence of "complete diversity." *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979). The doctrine of fraudulent joinder is a judicially created exception to the requirement that parties be completely diverse and provides that an action may be removed from state court, despite the lack of complete diversity of citizenship among the parties, if the plaintiff's joinder of a non-diverse party was fraudulent. *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Under Eleventh Circuit precedent, joinder is fraudulent in three (3) situations: (1) when there is no possibility that the plaintiff can prove the cause of action against the resident defendant; (2) when there is outright fraud in the plaintiff's pleading of a jurisdictional issue; or (3) when a diverse defendant is joined

with a non-diverse defendant as to whom there is no joint, several, or alternative liability <u>and</u> where the claim against the diverse defendant lacks a common question of law or fact. *Id.*; *see also Coker*, 709 F.2d at 1440; *Tapscott v. MSD Dealer Service Corp.*; 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled as conflicting with prior panel decision on other grounds like Cohen v. Office Depo, Inc.*, 204 F.3d 1069 (11th Cir. 2000). If any of these situations are present, the non-diverse defendant has been fraudulently joined and its citizenship should be ignored for purposes of determining jurisdiction. *Id*.

15. The burden of proving fraudulent joinder rests with the removing defendant. *See, e.g., Coker*, 709 F.2d at 1440. The claim of fraudulent joinder must be supported by credible, clear and convincing evidence. *See Parks v. New York Times*, 308 F.2d 474, 478 (5th Cir. 1962). Parties may submit affidavits and deposition transcripts. *Coker*, 709 F.2d at 1440 (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).

16. In the present case, Plaintiff's Complaint identifies a resident individual defendant, Rogers, who was not a store manager nor an employee of Dollar Tree Store No. 04839, on October 31, 2020, and who has no known connection to the incident made the basis of Plaintiff's Complaint. (*See* Ex. B). Plaintiff has no knowledge of any specific negligent and/or wanton acts of the non-diverse individually named Defendant, Rogers, in connection with the October 31, 2020

incident. Plaintiff has no viable cause of action against Rogers, who was clearly fraudulently joined in an attempt to defeat diversity jurisdiction, because he owed no legal duty to Plaintiff. Thus, pursuant to the authoritative precedent referenced above, the alleged citizenship of Rogers should be ignored by this Court for purposes of determining subject matter jurisdiction.

17. The parties identified above constitute all of the non-fictitious parties to this action, and there is complete diversity of citizenship between them, thereby satisfying the citizenship requirements of 28 U.S.C. § 1332.

18. Citizenship of the fictitious defendants should be ignored for the purposes of removal. 28 U.S.C. § 1441(a).

### C.    AMOUNT IN CONTROVERSY

19. In order to be removable, there must be at least $75,000.00 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a).

20. Plaintiff's Complaint alleges claims of negligence and wantonness along with a claim for negligent, reckless, and wanton hiring, supervision and training, and demands compensatory and punitive damages in an amount to be determined by a jury. (Ex. A, Doc. 2). Furthermore, on April 5, 2022, Plaintiff's counsel made a written settlement demand of $500,000.00 relying on gross medicals. (A true and correct copy of this correspondence is attached hereto as Exhibit "C").

21. Thus, the case is removable pursuant to 28 U.S.C. § 1446 based on Plaintiff's written settlement demand, which readily establishes the amount in controversy through use of "other paper." Specifically, in *Lowery v. Alabama Power Co.*, the Eleventh Circuit Court of Appeals held that the document which indicates federal jurisdiction – "be it the initial Complaint or a later received paper – and determines whether that document in the Notice of Removal unambiguously establish federal jurisdiction." 483 F. 3d 1184, 1211 (11th Cir. 2007). In particular, the jurisdictional amount may be ascertained from a settlement demand letter, which falls within the "other paper" category of § 1446(b). *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759 (5th Cir. 2000), *cited by Lowery*, 483 F.3d at 1213, n. 62. *See also Golden Apple Management Co., Inc. v. GEAC Computers, Inc.*, 990 F.Supp. 1364 (M.D. Ala. 1998). Thus, the amount in controversy exceeds the jurisdictional requirement and the removal is proper under 28 U.S.C. §§ 1332 and 1446. *See Pretka v. Kolter City Plaza, III, Inc.*, 608 F.3d 744, 767 (11th Cir. 2010)("Section 1446(b) is based on the recognized policy of the federal courts to require, as far as possible, prompt action on the party of those seeking a removal so as to avoid the evils of the delay necessarily attendant upon the change of form.")(*citation omitted*).

22. While Defendant Dollar Tree denies it is liable to Plaintiff in any amount, Defendant does not dispute the amount in controversy exceeds $75,000.00, as evidenced by Plaintiff's written settlement demand.

23. Based upon the foregoing, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. §§1332, 1441, and 1446. See *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007); *Bush v. Winn Dixie, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala. 2015).

### D.  TIMELINESS

24. Dollar Tree has thirty (30) days to remove this matter after it receives a document or information which establishes the basis for removal. 28 U.S.C. § 1446(b). Complete diversity was not established until August 26, 2022, when Dollar Tree obtained information establishing the fraudulent joinder of resident defendant Rogers. Thus, Defendant has filed this Notice of Removal within thirty (30) days after receiving information from the Plaintiff which established the basis for removal. *See* 28 U.S.C. § 1446(b).

### E.  CONCLUSION

25. Dollar Tree has satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the filing of this Notice of Removal, the filing of written notice to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Montgomery County, Alabama, shall justify removal of said suit to this Honorable Court.

Respectfully submitted this the 22nd day of September, 2022.

/s/Virginia F. Gambacurta
VIRGINIA F. GAMBACURTA (ASB-2046-i71f)
J. ALEX ROBERTSON (ASB-5200-v11k)
Attorneys for Defendant Dollar Tree Stores, Inc.

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:   (205) 822-2057
Email:  vgambacurta@carrallison.com
            arobertson@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September 2022, I have served a copy of the above and foregoing on counsel for all parties by:

_____Facsimile transmission;
_____Hand Delivery;
_____Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
  XX  Using the Alafile or CM/ECF system which will send notifications of such to the following:

David L. Graves, Esq.
Alexander Shunnarah Injury Lawyers
2900 1st Avenue South
Birmingham, AL  35233
dgraves@asilpc.com

/s/ Virginia Gambacurta
OF COUNSEL